UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| JUAN MARTINEZ, Individually and For Others Similarly Situated, | Case No. _____ |
| v. | JURY TRIAL DEMANDED |
| TSUNAMI RIG WASH, LLC d/b/a HINKLIN ENERGY SERVICES | COLLECTIVE ACTION |

## COMPLAINT

### SUMMARY

1. Tsunami Rig Wash, LLC d/b/a Hinklin Energy Services (HES) failed to pay Juan Martinez (Martinez) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead of paying overtime as required by the FLSA, HES improperly classified Martinez as an independent contractor and paid Martinez and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or, "straight time for overtime").

3. Martinez brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

6. HES is headquartered in Midland, Texas.

7. Martinez performed work for HES in and around Midland, Texas.

## THE PARTIES

8. HES provides the oil and gas industry with rig washing, tank cleaning, hydro excavation, and vacuum trucking services.

9. During the relevant period, Martinez provided these services to HES's customers.

10. Throughout his employment with HES, Martinez was classified as an independent contractors and was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

11. His written consent is attached herein as Exhibit A.

12. Martinez brings this Action on behalf of himself and other similarly situated workers who were classified as independent contractors and paid by HES's "straight time for overtime" system.

13. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All oilfield personnel that worked for Hinklin Energy Services the past 3 years who were classified as independent contractors and paid straight time for overtime (the "Putative Class Members").**

14. Martinez seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

15. HES may be served with process by serving its registered agent, James T. Hasty, IV at 9313 Circle Drive, Austin, Texas 78736.

## COVERAGE UNDER THE FLSA

16. At all times hereinafter mentioned, HES was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, HES was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, HES was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. HES has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

20. At all times hereinafter mentioned, Martinez and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

21. The misclassification of Martinez and the Putative Class Members as independent contractors does not alter their status as employees for purposes of this FLSA collective action.

### THE FACTS

22. HES provides the oil and gas industry with oilfield equipment cleaning services..

23. In order to provide services to its clients, HES hires workers it pays on an hourly basis.

24. Martinez worked for HES as a Hydrovac hand.

25. Martinez was paid $16 an hour for every approved hour worked.

26. Martinez worked for HES from April to July of 2019.

27. Martinez was an hourly worker of HES.

28. Martinez was not paid a guaranteed salary.

29. HES classified Martinez as an independent contractor

30. Martinez reported the hours he worked to HES on a regular basis.

31. Martinez reported to HES's supervisors on a daily basis.

32. If Martinez worked under 40 hours, he was only paid for the hours he worked.

33. But Martinez would regularly work more than 40 hours in a week.

34. In fact, Martinez routinely worked 70 hours a week.

35. The hours Martinez worked are reflected in HES's payroll records.

36. HES paid Martinez the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

37. HES did not pay Martinez overtime for all hours worked in excess of 40 hours in a single workweek.

38. Rather than receiving time and half as required by the FLSA, Martinez only received "straight time" pay for overtime hours worked.

39. This "straight time for overtime" payment scheme violates the FLSA.

40. HES was aware of the overtime requirements of the FLSA.

41. HES nonetheless failed to pay certain hourly employees, such as Martinez, overtime.

42. Martinez and the Putative Class Members perform job duties in furtherance of the oil and gas industry business sector and are subjected to similar compensation practices.

43. Martinez and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

44. Martinez and the Putative Class Members regularly worked in excess of 40 hours each week.

45. HES misclassified Martinez and the Putative Class Members as independent contractors.

46. The work Martinez performed was an essential part of HES's core business.

47. During Martinez's employment with HES and while he was classified as an independent contractor, HES exercised control over all aspects of his job.

48. HES did not require any substantial investment by Martinez for him to perform the work required of him.

49. HES controlled Martinez's opportunity for profit and loss by dictating the days and hours he worked and the rate he was paid.

50. Martinez was not required to possess any unique or specialized skillset (other than that maintained by all other workers in his respective position) to perform his job duties.

51. While working for HES, HES controlled all the significant or meaningful aspects of the job duties performed by Martinez.

52. HES exercised control over the hours and locations Martinez worked, tools and equipment used, and rates of pay received.

53. Even though Martinez often worked away from HES's offices without the presence of a direct supervisor employed by HES, HES still controlled significant aspects of Martinez's job activities by enforcing mandatory compliance with its policies and procedures.

54. No real investment was required of Martinez to perform his job.

55. More often than not, Martinez utilized equipment provided by HES to perform his job duties.

56. Martinez did not provide the significant equipment he worked with on a daily basis. HES or the operator made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Martinez worked.

57. Martinez did not incur operating expenses like rent, payroll, marketing, and insurance.

58. Martinez was economically dependent on HES during his employment with HES.

59. HES set Martinez's rates of pay, his work schedule, and effectively prevented (or

outright prohibited) him from working other jobs for other companies while he was working on jobs for HES.

60. HES directly determined Martinez's opportunity for profit and loss.

61. Very little skill, training, or initiative was required of Martinez to perform his job duties.

62. Indeed, the daily and weekly activities of Martinez and the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by HES.

63. Virtually every job function was pre-determined by HES, including the tools and equipment to use at a job site, the data to compile, the schedule of work, and related work duties.

64. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters and were required to follow HES's policies, procedures, and directives.

65. Martinez and the Putative Class Members performed routine job duties that were largely dictated by HES.

66. Martinez was not employed by HES on a project-by-project basis.

67. In fact, while Martinez was classified as an independent contractor, he was regularly on call for HES and was expected to drop everything and work whenever needed.

68. HES did not pay Martinez and the Putative Class Members on a salary basis.

69. HES paid Martinez and the Putative Class Members "straight time for overtime."

70. HES failed to pay Martinez and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

71. HES's policy of classifying Martinez and the Putative Class Members like him as independent contractors and failing to pay them overtime, violates the FLSA because these workers are, for all purposes, non-exempt workers.

72. It is undisputed that the Putative Class Members are working long hours in the oilfield.

73. HES knew, or acted with reckless disregard for whether, Martinez and the Putative Class Members were paid in accordance with the FLSA.

74. HES's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

75. The illegal pay practices HES imposed on Martinez were imposed on the Putative Class Members.

76. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

77. Numerous other individuals who worked with Martinez were classified as independent contractors, were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

78. Based on his experiences and tenure with HES, Martinez is aware that HES's illegal practices were imposed on the Putative Class Members.

79. The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

80. HES's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

81. Martinez's experiences are therefore typical of the experiences of the Putative Class Members.

82. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

83. Martinez has no interests contrary to, or in conflict with, the Putative Class Members.

84. Like each Putative Class Member, Martinez has an interest in obtaining the unpaid overtime wages owed under federal law.

85. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by HES.

86. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

87. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and HES will reap the unjust benefits of violating the FLSA.

88. Furthermore, even if some Putative Class Members could afford individual litigation against HES, it would be unduly burdensome to the judicial system.

89. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to HES, and to the Court.

90. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

91. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether HES required Martinez and the Putative Class Members to work more than 40 hours during individual work weeks;

    b. Whether Martinez and the Putative Class Member were improperly classified as independent contractors;

    c. Whether HES's decision to classify Martinez and the Putative Class Members as independent contractors was made in good faith;

    d.    Whether HES's decision to pay Martinez and the Putative Class Members straight time for overtime was made in good faith;

    e.    Whether HES paid Martinez and the Putative Class Members on a salary basis;

    f.    Whether HES failed to pay Martinez and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

    g.    Whether HES's violation of the FLSA was willful; and

    h.    Whether HES's illegal pay practices were applied to Martinez and the Putative Class Members.

92. Martinez and the Putative Class Members sustained damages arising out of HES's illegal and uniform employment policy.

93. Martinez knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

94. Martinez will fairly and adequately represent and protect the interests of the Putative Class Members.

95. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### CAUSE OF ACTION

96. By misclassifying and failing to pay Martinez and the Putative Class Members overtime at one-and-one-half times their regular rates, HES violated the FLSA's overtime provisions.

97. HES owes Martinez and the Putative Class Members overtime pay at the proper overtime rate.

98. Because HES knew, or showed reckless disregard for whether, its pay practices violated the FLSA, HES owes these wages for at least the past three years.

99. HES is liable to Martinez and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

100. Martinez and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

101. Martinez demands a Jury trial.

## PRAYER

102. Martinez prays for relief as follows:

   a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Putative Class Members;

   b. A judgment finding HES liable to Martinez and the Putative Class Members for unpaid overtime and an equal amount as liquidated damages;

   c. An order awarding attorneys' fees, costs, expenses, and judgment interest; and

   d. An award of such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
State Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
Richard M. Schreiber
Texas Bar No. 24056278
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com

adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**